```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

PEOPLE FOR THE ETHICAL TREATMENT   *
 OF ANIMALS, INC.,
                                   *
         Plaintiff
                                   *
         vs.                            CIVIL ACTION NO. MJG-17-2148
                                   *
TRI-STATE ZOOLOGICAL PARK OF
 WESTERN MARYLAND, INC., ET AL.    *

         Defendants                *

*     *     *     *     *     *     *     *     *
       MEMORANDUM AND ORDER RE: DISQUALIFICATION MOTION
```

The Court has before it the Motion for Disqualification of Presiding Judge [ECF No. 25] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

Defendants assert that statements made by the Court during an initial informal teleconference with counsel warrant the instant motion and the required recusal of the undersigned Judge. The Court finds that Defendants have not fully and accurately presented the statements made by the Court and that there is no reasonable basis for the required recusal of the undersigned Judge.

This is a case dealing with the alleged mistreatment of animals at a small zoological park ("Zoo") in Cumberland, Maryland, which is owned and operated by the Defendants. On January 11, 2017, the Court held an informal telephone

conference with counsel to manage the case.  The teleconference with parties included discussions regarding whether Plaintiff anticipates needing any kind of preliminary relief, Defendants' assertion that the Department of Agriculture has regularly inspected the Zoo, the length and extent of fact and expert discovery that parties would need (including site inspection by experts), and whether Defendants wanted to join any federal agencies in the action.[1]

There is no record of the teleconference but it was followed by the issuance of the Scheduling Order [ECF No. 22] in which the Court stated "[p]ursuant to the conference held with counsel on this date, it appears that there may be significant factual issues presented in regard to Plaintiff's claims."  The Court was referring to the discussion with counsel regarding the Internet posting of "reviews" of Defendants' Zoo on such sites as "Yelp.com," which included both derogatory and positive comments regarding the Zoo and its management.  The Court recalls stating that both types of reviews – positive and negative – existed, and then turned its attention to discovery

---

[1] The Court also indicated on the call that it had decided to deny Defendants' Motion to Dismiss and that a decision would follow.  See Scheduling Order at 1, ECF No. 22 ("The Court will, by separate Order, deny Defendants' motion seeking dismissal of the Complaint.").  The Court issued the corresponding Memorandum and Order a few days later [ECF No. 23].

scheduling to plan the resolution of what it expected to be significant factual disputes.

Defendants state in the motion that "[i]t appears that, based upon independent internet research, the presiding Judge has already decided that those reviews on the internet are true and has formed a dim view of Defendants' operations. This reliance upon unsourced and anonymous hearsay is not fair to the Defendants and shows a bias and partiality that demands recusal or disqualification." Def.'s Mot. ¶ 6.

However, as plainly stated during and immediately following the teleconference, the Court recognized that there were factual issues presented regarding Plaintiff's claims that may require resolution. The Court had not decided, has not yet decided, and did not indicate any predisposition regarding the resolution of the issues. Nor did the Court engage in any "research" other than merely looking at normal Internet references to the Zoo.

The pertinent statute, 28 U.S.C. § 455 (a), states:

> Any justice, judge, or magistrate judge of
> the United States shall disqualify himself
> in any proceeding in which his impartiality
> might reasonably be questioned.

Recusal pursuant to Section 455(a) is required "if a reasonable man, cognizant of the relevant circumstances surrounding a judge's failure to recuse, would harbor legitimate

3

doubts about the judge's impartiality." See United States v. Bremers, 195 F.3d 221, 226 (5th Cir. 2000).

In other words, "[d]isqualification is required if a reasonable factual basis exists for doubting the judge's impartiality. The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) (citations omitted). A "presiding judge is not, however, required to recuse himself because of 'unsupported, irrational, or highly tenuous speculation.'" Id. (citations omitted).

There is no basis for any reasonable person, knowing the facts, to harbor any legitimate question about the undersigned Judge's impartiality in the instant case.

There is no prohibition against a federal judge's access to the Internet to obtain background information regarding the subject of a case before the Court. The Court is mindful of the difference between disallowed factual research on the internet that is "necessary" to decide the case or meant to "fill a factual gap in the record," and "background information" that is not of factual consequence in determining the case. See, e.g., ABA Formal Opinion 478 at 6 ("The key inquiry here is whether the information to be gathered is of factual consequence in

4

determining the case.").[2] See also Rowe v. Gibson, 798 F.3d 622, 628 (7th Cir. 2015), which states:

> We must acknowledge the need to distinguish between judicial web searches for mere background information that will help the judges and the readers of their opinions understand the case, web searches for facts or other information that judges can properly take judicial notice of (such as when it became dark on a specific night . . . . ) . . . and web searches for facts normally determined by the factfinder after an adversary procedure that produces a district court or administrative record.

It is clear that the internet access in the instant case was only to obtain mere background information by a Judge plainly recognizing that any factual determination could be made only after an appropriate adversarial proceeding. In fact, the Court envisioned this adversarial proceeding would include four months of fact discovery, additional months for expert discovery, and "visitation and inspection of the Defendants' premises by qualified experts." ECF No. 22.

For the foregoing reasons, the Motion for Disqualification of Presiding Judge [ECF No. 25] is DENIED.

SO ORDERED, this Tuesday, February 27, 2018.

/s/_____
Marvin J. Garbis
United States District Judge

---

2 http://www.abajournal.com/images/main_images/ FO_478_FINAL_12_07_17.pdf.