**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 6, 2018

RE: *PETA v. Tri-State Zoological Park of Western Maryland, Inc., et al.*
Civil No. MJG-17-2148

Dear Counsel:

This matter has been referred to me for discovery disputes and related scheduling matters. [ECF No. 58]. Plaintiff People for the Ethical Treatment of Animals, Inc. ("PETA") filed this citizen lawsuit against Defendants Tri-State Zoological Park of Western Maryland, Inc., and Animal Park Care & Rescue, Inc. (collectively, "Tri-State"), and Robert L. Candy ("Candy"), alleging ongoing violations of the Endangered Species Act ("ESA") and its implementing regulations. [ECF No. 1]. Presently pending is PETA's July 2, 2018 request for leave to re-depose Defendants' primary veterinarian, Dr. Gale Duncan, and for an order compelling Defendants' production of (1) veterinary records related to the death of Cayenne, a tiger who died under anesthesia while under Dr. Duncan's care, and (2) Tri-State's purchase and financial records. [ECF No. 62]. I held a telephone conference with the parties on July 3, 2018. During the conference, I granted the parties leave to conduct a limited re-deposition of Dr. Duncan as a fact witness, in accordance with their agreement. Specifically, if Dr. Duncan is designated as an expert witness for Defendants, the re-deposition will occur at the same time as the expert deposition. I also instructed Defendants' counsel to ask Dr. Duncan regarding the timetable for producing her remaining veterinary records relating to the death of Cayenne, and to notify me if there would be a problem producing those records to PETA in advance of the agreed re-deposition date.

With respect to PETA's request for Tri-State's financial records, in addition to the arguments made during the conference, I have considered PETA's requests, Defendants' response, and related correspondence and exhibits. [ECF Nos. 62, 63, 64, 65, 66]. For the following reasons, PETA's request for an order compelling Defendants' production of Tri-State's purchase and financial records is DENIED.

I. **Factual Background**

On January 12, 2018, PETA submitted its First Set of Document Requests to Defendants. *See* Pl.'s First Set Doc. Reqs. In its requests, PETA specifically requested "[a]ll documents related to the purchase of items for the care of lions, tigers, and lemurs, including but not limited to receipts or invoices for food, nutritional supplements, veterinary supplies, substrate, bedding materials, toys, tires, boomer balls, bowling balls, ropes, pools, or other environmental enrichment items." *Id.* at 9 ¶ 4. PETA also requested "[a]ll documents that you contend support

Tri-State has the financial wherewithal to care for the animals in its possession (or the possession of any Defendant)." *Id.* at 10 ¶ 11. On February 19, 2018, Defendants submitted to PETA its Responses to Plaintiff's Request for Production of Documents. *See* Defs.' Resps. to Pl.'s Req. Produc. Docs., [ECF No. 67-1]. With respect to PETA's request for documents related to the purchase of items for the care of lions, tigers, and lemurs, Defendants objected on the basis of "relevance and improper purpose," but provided documents related to food donations and food supplies. *Id.* ¶ 4. Defendants also objected to PETA's request for documents related to Tri-State's financial wherewithal on the basis of "improper purpose." *Id.* ¶ 11.

On March 12, 2018, PETA submitted a letter identifying "several deficiencies in Tri-State's responses," including Defendants' failure to provide purchase records and financial records. [ECF No. 67-2 at 1, 8-10]. In a March 30, 2018 email, Defendants provided supplemental interrogatory responses, but advised PETA that "there [we]re no more responsive documents in [Defendants'] possession." [ECF No. 67-3]. Despite Defendants' response that they would provide no further documents in response to PETA's requests, PETA did not seek an order to compel production of such documents, nor did it seek a pre-motion conference with the Court to discuss its request, until July 2, 2018. [ECF No. 62].

## II. Discussion

In its July 2, 2018 request, PETA requested Tri-State's financial records to support its "allegations that Tri-State's financial weakness prevents it from providing adequate care to its animals." [ECF No. 62 at 2]. In response, Defendants argued that: (1) Tri-State's financial records are not relevant to the instant case, and (2) PETA failed to timely move to compel Tri-State's financial records in accordance with the Local Rules. [ECF No. 66]. I agree that PETA's request for an order to compel Tri-State's financial records is untimely.

After reviewing the related correspondence and exhibits, this Court finds that PETA failed to timely file its motion to compel Defendants' purchase and financial records. Pursuant to Local Rule 104.8, "[i]f a party who has propounded . . . requests for production is dissatisfied with the response to them and has been unable to resolve informally . . . any disputes with the responding party, that party *shall serve a motion to compel within thirty (30) days of the party's receipt of the response*." Loc. R. 104.8(a) (emphasis added). Here, Defendants notified PETA that they would not produce any further documents, including their purchase records and financial records, on March 30, 2018. [ECF No. 67-3]. Accordingly, to comply with Local Rule 104.8, PETA was required to file any motion to compel related to its document requests on or before April 30, 2018.[1] Instead, PETA filed its motion on July 2, 2018. [ECF No. 62]. PETA's

---

[1] On January 29, 2018, Judge Garbis issued an Order Establishing Procedure for Resolving Discovery Disputes. [ECF No. 24-1]. The Order requires that, prior to filing any discovery-related motion, the moving party must attempt in good faith "to resolve the dispute and [] request[] a pre-motion conference with the Court to discuss and potentially resolve the dispute without the need for formal briefing." *Id.* at 1. Importantly, the Order does not, in any way, exempt the parties from other procedures or timelines required by the Local Rules. In any case, this Court notes that PETA did not request a pre-motion conference with the Court to discuss the financial records until July 2, 2018.

motion to compel Defendants' purchase and financial records is therefore time-barred under the Local Rules.

### III. Conclusion

For the above reasons, PETA's request for an order compelling Defendants' production of Defendants' purchase and financial records is DENIED.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge