# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., | * |
| Plaintiff, | * |
| v. | Civil Action No. 1:17-cv-02148-PX |
| TRI-STATE ZOOLOGICAL PARK OF WESTERN MARYLAND, INC., *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

Pending before the Court is Plaintiff People for the Ethical Treatment of Animals, Inc. ("PETA")'s Motion for Partial Reconsideration or, in the Alternative, Request for Clarification. ECF No. 107. Defendants Tri-State Zoological Park of Western Maryland, Inc., Animal Park, Care & Rescue, Inc., and Robert Candy have responded, and no hearing is necessary. *See* Loc. R. 105.6. For the reasons that follow, the Court grants PETA's motion for the purposes of clarifying its prior Opinion and Order. ECF Nos. 102, 103.

### I.  Background

Defendants own and operate a zoological park in Cumberland, Maryland ("the Zoo"). ECF No. 1 ¶¶ 12–15. PETA is a nonprofit organization "dedicated to protecting animals, including animals used in entertainment, from abuse, neglect, and cruelty." *Id.* ¶¶ 11, 110. PETA investigated the Zoo, deploying undercover investigators who posed as Zoo volunteers while the Zoo was closed to the public for the season. ECF No. 71-1 ¶ 10; ECF No. 71-4 at 1. The volunteers took over 300 photographs and 70 video recordings. ECF No. 71-1 ¶ 2; ECF No. 71-3 at 1. The video recordings were taken through phone cameras, handheld video cameras, and hidden body cameras. ECF No. 71-9 at 28–29. Some of those videos captured audio,

including the audio of conversations between PETA investigators and Defendant Candy. ECF No. 71-4 at 10. Defendants assert that those conversations were recorded by hidden body cameras without consent. ECF No. 71-1 at 7. However, PETA asserts that the hidden body camera videos did not record audio, and as proof, submitted a "representative" set of silent videos to the Court. ECF No. 79-2 at 1–2.

Defendants moved to dismiss the Complaint as a sanction for PETA's alleged acts of recording audio in violation of the Maryland Wiretap Act. ECF No. 71. This Court granted the motion in part and denied it in part, declining to dismiss the action but precluding videos taken with audio from being admitted as evidence. ECF No. 102 at 14. Fourteen days later, PETA moved for reconsideration or clarification, arguing that the Court's Order was overbroad. ECF No. 107.

## II. Standard of Review

Courts may reconsider interlocutory orders "at any time prior to the entry of a final judgment." *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991); Fed. R. Civ. P. 54. Courts will reconsider interlocutory decisions based on: (1) a change in controlling law; (2) additional evidence that was not previously available; or (3) a showing that that the prior decision was clearly erroneous or manifestly unjust. *See Boyd v. Coventry Health Care Inc.*, 828 F. Supp. 2d 809, 814 (D. Md. 2011); *Paulone v. City of Frederick*, No. CIV. WDQ-09-2007, 2010 WL 3000989, at *2 (D. Md. July 26, 2010). Federal courts are obligated to reach the correct judgment under law, "[t]hough that obligation may be tempered at times by concerns of finality and judicial economy." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). Where a party "merely requests the district court to reconsider a legal issue or to 'change its mind,' relief is not authorized.'" *Pritchard v. Wal Mart*

2

*Stores, Inc.*, 3 F. App'x 52, 53 (4th Cir. 2001) (quoting *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982)).

**III. Analysis**

PETA argues that the Court's prior Order was clearly erroneous because it "conflate[s] open and obvious audiovisual recording with concealed recording." ECF No. 107-1 at 9 n.5. Defendants respond that, "[i]f anything, the Plaintiff has gotten too lenient a treatment." ECF No. 115 ¶ 7.[1]

The Maryland Wiretap Act prohibits willful interception of wire, oral, or electronic communications unless all parties consent to the recording. Md. Code, Cts. & Jud. Proc. § 10-402(a), (c)(3). "Oral communication" is defined as "any conversation or words spoken to or by any person in private conversation." Md. Code, Cts. & Jud. Proc. § 10-401(13). Maryland courts interpret "the word 'private' to be consistent with Fourth Amendment jurisprudence, encompassing conversations in which the participants have a 'reasonable expectation of privacy.'" *Agnew v. State*, No. 9, Sept. Term, 2018, --- A.3d ---, 2018 WL 6052004, at *5 (Md. Nov. 20, 2018) (quoting *Fearnow v. Chesapeake & Potomac Tel. Co. of Md.*, 342 Md. 363, 376 (1966)). Where a party is aware of the recording, the party "fairly may be understood to tacitly consent to it." *Holmes v. State*, 236 Md. App. 636, 654 (2018).

In its November 1, 2018, Memorandum Opinion, this Court stated that "any video recorded with audio . . . will not be accepted as evidence for any and all purposes in future court

---

[1] In their response, Defendants also seek reconsideration on whether PETA has standing, pointing to "a case that was not previously discovered, *Lane v. Holder*, 703 F.3d 668 (4th Cir., 2012)." ECF No. 115 ¶ 4. There, the United States Court of Appeals for the Fourth Circuit declined to find organizational standing where the organization diverted resources due to its "own budgetary choices." *Lane*, 703 F.3d at 675 (quoting *Fair Emp't Council of Greater Washington, Inc. v. BMC Mktg. Corp.*, 28 F.3d 1268, 1276 (D.C. Cir. 1994)) (internal quotation marks omitted). However, Defendants' single-sentence request does not explain why this is distinguishable from *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982), such that standing here would be clearly erroneous. Defendants' request for reconsideration is thus denied.

proceedings." ECF No. 102 at 14.² The Court now clarifies the reach of its decision: any *surreptitiously* recorded videos that also recorded oral communications and that were taken without express or implied consent of all parties will not be accepted as evidence for any and all purposes in future court proceedings. These Court Orders do not bar the use of openly recorded video with audio, nor do they bar surreptitiously recorded video without oral communications. *See Holmes*, 236 Md. App. at 654.

For any videos taken in violation of the Wiretap Act—those that are surreptitiously recorded with oral communications—the Court will not accept use of the video, even if the oral communications are scrubbed. Such a sanction would not visit undue prejudice on PETA, who has represented that it "could rely solely on the evidence of Defendants' ongoing animal abuse that Plaintiff has gathered during fact discovery . . . to prove the allegations set forth in the Complaint." ECF No. 87 at 6. If parties who violate the Wiretap Act could simply scrub the offending audio from the video when caught, no incentive would exist to follow the law in the first place. As such, the Court exercises its inherent authority to prevent the use of any such videos, should they exist here, as evidence in future court proceedings. *Glynn v. EDO Corp.*, No. JFM-07-01660, 2010 WL 3294347, at *3 (D. Md. Aug 20, 2010).

At the appropriate time—when any particular video is offered as evidence—the Court will determine whether the particular video offered was recorded in violation of the Wiretap Act. On the present record, the Court cannot in fairness make such a determination. Accordingly, Defendants' motion for sanctions is granted only to the extent that PETA offers into evidence videos or other electronic evidence that had been obtained in violation of the Wiretap Act.

---

² In the Order filed the same day, the Court used narrower language, stating, "Any videos taken with unlawfully recorded oral communications will not be used for any purpose in any future court proceedings." ECF No. 103 ¶ 3.

## IV. Conclusion

For the foregoing reasons, PETA's motion for partial reconsideration (ECF No. 107) is granted for purposes of clarifying the Court's prior decision.

December 3, 2018                                      /S/
Date                                                             Paula Xinis
                                                                            United States District Judge